IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**RUSSELL CASTON, #08816-043**                                                                       **PETITIONER**

**VS.**                                                      **CIVIL ACTION NO. 5:09cv131-DCB-MTP**

**BRUCE PEARSON, WARDEN**                                                             **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the *pro se* Petition of Russell Caston for a Writ of Habeas Corpus [1] filed under 28 U.S.C. § 2241. Having considered the submissions of the parties and the applicable law, the undersigned is of the opinion that the Petition should be denied and dismissed with prejudice.

### Background

On August 1, 2005, Petitioner was arrested by state authorities in Hinds County, Mississippi, for the state charges of convicted felon in possession of a firearm and possession of a controlled substance.[1] The circumstances of this arrest resulted in the instant federal charge of felon in possession of a firearm.[2] Petitioner was booked into the Hinds County Jail on August 2, 2005, on the state charges of convicted felon in possession of a firearm, possession of a controlled substance, and probation violation.[3] On November 1, 2005, Petitioner was sentenced in the Circuit Court for the First Judicial District, Hinds County, Mississippi, Case No. 94-2-048-02 RLG, to an 8-month term of imprisonment for Probation Violation, with credit for time served.[4]

On November 8, 2005, pursuant to a writ of habeas corpus *ad prosequendum*, Petitioner appeared in the United States District Court for the Southern District of Mississippi for an

---

[1] *See* Ex. 1 to Answer [12] at ¶ 7; Exs. 5 and 9 to Answer [12].

[2] *See* Ex. 1 to Answer [12] at ¶ 7; Exs. 3 and 4 to Answer [12].

[3] *See* Ex. 1 to Answer [12] at ¶ 7; Exs. 5 and 9 to Answer [12].

[4] *See* Ex. 1 to Answer [12] at ¶ 7; Exs. 7 and 9 to Answer [12].

arraignment in Case No. 3:05-cr-00153-TSL-JCS-1.[5]

Petitioner was returned to state custody the very same day, November 8, 2005, for completion of his 8-month state sentence.[6] Petitioner completed his state sentence on March 31, 2006.[7] On May 18, 2006, an order was issued in the County Court for the First Judicial District, Hinds County, Mississippi, Case No. 05-1000, releasing the Petitioner on his own recognizance on the state charges of convicted felon in possession of a firearm and possession of a controlled substance, to the custody of federal authorities.[8] All remaining state charges were *nolle prossed* on October 31, 2006.[9]

On June 29, 2006, Petitioner was sentenced in the United States District Court for the Southern District of Mississippi, Case No. 3:05-cr-00153-TSL-JCS-1, to a 100-month term of imprisonment for Felon in Possession of a Firearm in violation of 18 U.S.C. § 922(g)(1).[10] On July 12, 2006, Petitioner was released to the physical custody of the federal authorities.[11] Petitioner is currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi ("FCC Yazoo City"), and is projected for release on July 5, 2013.[12]

In the instant Petition, filed on August 4, 2009, Petitioner alleges that he is being denied credit for time served on his federal sentence. Specifically, he claims his federal sentence began on August 1, 2005, and he should receive approximately 240 days of credit against his federal sentence. Alternatively, Petitioner asks the court to amend the judgment *nunc pro tunc* to August

---

[5] *See* Ex. 1 to Answer [12] at ¶ 7-8; Exs. 6 and 9 to Answer [12].

[6] *See* Ex. 1 to Answer [12] at ¶ 8; Exs. 6, 8, and 9 to Answer [12].

[7] *See* Ex. 1 to Answer [12] at ¶ 8; Ex. 9 to Answer [12].

[8] *See* Ex. 1 to Answer [12] at ¶ 8; Exs. 9 and 10 to Answer [12].

[9] *See* Ex. 1 to Answer [12] at ¶ 8; Ex. 11 to Answer [12].

[10] *See* Ex. 1 to Answer [12] at ¶ 8; Ex. 3 to Answer [12].

[11] *See* Ex. 1 to Answer [12] at ¶ 8; Exs. 8-9, 12 to Answer [12].

[12] *See* Ex. 2 to Answer [12-2].

2

1, 2005. Petition [1].

## Analysis

Respondent contends that the instant petition should be denied because the Bureau of Prisons ("BOP") has properly calculated Petitioner's sentence and Petitioner is not entitled to credit against both his state and federal sentences under 18 U.S.C. § 3585(b).

Petitioner's sentence computation is governed by BOP Program Statement 5880.28, Sentence Computation Manual (CCA of 1984).[13] The Program Statement references 18 U.S.C. § 3585, which establishes the rule for the commencement of a federal sentence and credit for a prior sentence, and which provides:

> (a) Commencement of sentence.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for Prior Custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences–
>
> (1) as a result of the offense for which sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> **that has not been credited against another sentence**.

18 U.S.C. § 3585 (emphasis added).

Petitioner's federal sentence commenced on July 12, 2006, the date he was received in exclusive federal custody.[14] Petitioner claims that his federal sentence should commence on August 1, 2005, the date he committed his federal offense and the date he claims he was indicted for his federal crime. While the records reflect that Petitioner did commit the federal crime on

---

[13] *See* Kelly Decl., Ex. 1 to Answer [12-2].

[14] *See* Kelly Decl., Ex. 1 to Answer [12-2].

3

August 1, 2005, he was not indicted for the crime until October 12, 2005.[15]

The earliest a federal sentence can commence is the date it is imposed. *See United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980). As set forth above, a federal sentence "commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). Petitioner was sentenced for his federal crime on June 29, 2006, but was not received into exclusive federal custody until July 12, 2006.

Pursuant to Program Statement 5880.28, "if a state sentence is imposed, either before or after the time that the federal sentence commences, it is presumed that the state has awarded, or will award, presentence time off the state sentences for time spent in state custody in connection with the state offense . . . staff need make no further inquiry about it unless the inmate claims that no state credit was, or will be, given."[16] The record reflects that Petitioner was in primary state custody from August 1, 2005, when he was arrested by state authorities, until March 31, 2006, when he completed his 8-month state sentence. Thus, it is presumed that Petitioner received credit for this time period towards his 8-month state sentence imposed on November 1, 2005.[17]

---

[15]*See* Ex. 4 to Answer [12-2].

[16]*See* Kelly Decl., Ex. 1 to Answer [12-2] at ¶ 9; Ex. 14 to Answer [12-2].

[17]The State of Mississippi did not lose primary jurisdiction when Petitioner was "borrowed" under federal writ on November 8, 2005. *See Causey v. Civiletti*, 621 F.2d 691, 693 (5th Cir. 1980) ("The law is clear in this Circuit that, if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary."); *United States v. Dovalina*, 711 F.2d 737, 740 (5th Cir. 1983); *see also Hayward v. Looney*, 246 F.2d 56, 58 (10th Cir. 1957) ("It is well settled that when a state surrenders a prisoner to the Federal government for the purpose of trial on a Federal charge and upon conviction and sentence in the Federal court, the Federal authorities surrender custody of the prisoner back to the state authorities for trial or imprisonment, without the prisoner having been received at a Federal penal institution for service of his Federal sentence, the Federal sentence does not begin to run until such time as the prisoner is returned to Federal custody and received at the Federal penal institution for service of his Federal sentence."); *United States v. Cole*, 416 F.3d 894, 896-97 (8th Cir. 2005) ("If, while under the primary jurisdiction of one sovereign, a defendant is transferred to the other jurisdiction to face a charge, primary jurisdiction is not lost but rather the defendant is considered to be 'on loan' to the other sovereign."); *Aguilar v. Peterson*, No. 04-6376, 2006 WL 497719, at *1 (10th Cir. Mar. 2, 2006)

The Supreme Court has explained that when Congress enacted 18 U.S.C. § 3585(b), it "made clear that a defendant could not receive a double credit for his detention time." *United States v. Wilson*, 503 U.S. 329, 337 (1992); *see also Horn v. Tamez*, No. 4:06-CV-566-Y, 2007 WL 1702198, at *2 n.4 (N.D. Tex. June 12, 2007) (stating that "§3585(b) precludes a prisoner from receiving double credit for time served in state custody, and hence [petitioner] could not receive credit against his federal sentence where he has already received credit against his state sentence") (citing *Wilson*, 503 U.S. at 332-33; *Dovalina*, 711 F.2d at 740; *Radcliffe v. Clark*, 451 F.2d 250, 251-52 (5th Cir. 1971); *Pennant v. United States*, 31 F. App'x 832, 2002 WL 180341, at *1 (5th Cir. Jan. 3, 2002)). In accordance with the statute, BOP Program Statement 5880.28, Sentence Computation Manual, specifies that "[c]redit will not be given for any portion of time spent serving another sentence regardless of whether the sentence is federal, state or foreign."[18] Thus, Petitioner may not receive credit against his federal sentence for the eight-month period, August 1, 2005 - March 31, 2006, as he already received credit for this time period towards his state sentence.

The BOP prepared a sentence computation for Petitioner based on a 100-month term of imprisonment beginning July 12, 2006 (the date he was received in exclusive federal custody), with prior custody jail credit from April 1, 2006 through July 11, 2006.[19] Petitioner is currently

---

(holding that because petitioner was not returned to federal custody to begin serving his federal sentence until September 1, 1998, his federal sentence did not begin to run until that date and the BOP appropriately denied him credit for the time he served in Texas state prison on his state court conviction).

[18]*See* http://www.bop.gov/DataSource/execute/dsPolicyLoc, Program Statement 5880.28 at p. 1-17.

[19]*See* Kelly Decl., Ex. 1 to Answer [12-2] at ¶ 6, 9; Exs. 2 and 9 to Answer [12-2]. Although Petitioner completed his state sentence on March 31, 2006, he apparently remained at the Hinds County Jail from April 1, 2006 - July 11, 2006, pursuant to a federal detainer. *See* Response [4] at 9. According to Program Statement 5880.28, the placement of a federal detainer is not a factor when making credit determinations under the provisions of 18 U.S.C. § 3585(b). *See* Exs. 1 at ¶ 9 and Ex. 16 to Answer [12-2]. Nevertheless, Petitioner received credit against his federal sentence for this time period.

5

projected for release on July 5, 2013, via good conduct time.[20] Thus, Petitioner has been properly awarded all prior credit to which he is entitled.

Petitioner also asks the court to amend the judgment *nunc pro tunc* to August 1, 2005. Petition [1]. BOP Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence, provides that when an inmate requests a *nunc pro tunc* designation to the state institution, and a concurrent designation may be appropriate, the BOP reviews the request in light of the factors set out in the Program Statement and 18 U.S.C. §3621(b).[21] However, here a concurrent designation was not appropriate. As stated in the BOP's response to Petitioner's Central Office Administrative Remedy Appeal requesting a "nunc pro tunc" designation, "At the time [Petitioner] received [his] federal sentence, [his] state sentence had already been served. In order to grant a 'nunc pro tunc' designation, [Petitioner] must be in custody and in service of another non-federal sentence. [Petitioner's] sentence computation has been computed correctly." *See* Response [4] at 9. Thus, Petitioner is not entitled to habeas relief.

## RECOMMENDATION

For the reasons stated above, it is the recommendation of this Court that Petitioner's Petition for a Writ of Habeas Corpus [1] be dismissed with prejudice.

## NOTICE OF RIGHT TO OBJECT

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the Magistrate Judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation

---

[20] *See* Ex. 2 to Answer [12-2].

[21] *See* http://www.bop.gov/DataSource/execute/dsPolicyLoc.

within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    THIS, the 16th day of September, 2010.

                                       s/Michael T. Parker
                                       United States Magistrate Judge