```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
                        WESTERN DIVISION
```

RUSSELL CASTON, # 08816-043                              PETITIONER

VS.                          CIVIL ACTION NO. 5:09-cv-131(DCB)(RHW)

BRUCE PEARSON, WARDEN                                    RESPONDENT

                ORDER ADOPTING REPORT AND RECOMMENDATION

This cause is before the Court on a Petition pursuant to 28 U.S.C. § 2241 filed by Russell Caston ("Caston"). Before the Court is the Report and Recommendation of Magistrate Judge Michael T. Parker **(docket entry 13)**, and the petitioner's objections thereto **(docket entries 15 and 16)**. Having carefully considered the petition, the report and recommendations of the magistrate judge, and the petitioner's objections, and being fully advised in the premises, the Court finds as follows:

The petitioner was arrested by state authorities in Hinds County, Mississippi, on August 1, 2005, on state charges of convicted felon in possession of a firearm and possession of a controlled substance. The circumstances of this arrest also resulted in a federal charge of felon in possession of a firearm. Caston was booked into the Hinds County Jail on August 2, 2005, and was sentenced in Hinds County Circuit Court to an eight-month term of imprisonment for probation violation, with credit for time served. On November 8, 2005, Caston appeared in the United States District Court for the Southern District of Mississippi for

arraignment, and returned to state custody the same day for completion of his eight-month state sentence.

The petitioner completed his state sentence on March 31, 2006. On June 29, 2006, he was sentenced in the United States District Court for the Southern District of Mississippi to a 100-month term of imprisonment for felon in possession of a firearm. On July 12, 2006, Caston was released to the physical custody of the federal authorities. He is currently incarcerated in the Federal Correctional Complex in Yazoo City, Mississippi.

The petitioner alleges that he is being denied credit for time served on his federal sentence. Specifically, he claims that his federal sentence actually began on August 1, 2005, and that he should receive approximately 240 days of credit against his federal sentence. Alternatively, he asks that the Court amend the judgment <u>nunc</u> <u>pro</u> tunc to August 2005.

The respondent replies that Caston's petition should be denied because the Bureau of Prisons ("BOP") has properly calculated Caston's sentence. Under 18 U.S.C. § 3585(b), the petitioner is not entitled to credit against both his state and federal sentences.

Magistrate Judge Parker's Report and Recommendation finds that the petitioner's federal sentence commenced on July 12, 2006, the date Caston was received in exclusive federal custody. While the records reflect that Caston committed his federal crime on August

1, 2005, he was not indicted for the crime until October 12, 2005. The earliest a federal sentence can commence is the date it is imposed. A federal sentence commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served. Caston was sentenced for his federal crime on June 29, 2006, but was not received into exclusive federal custody until July 12, 2006.

Pursuant to Program Statement 5880.28, "if a state sentence is imposed either before or after the time that the federal sentence commences, it is presumed that the state has awarded, or will award, presentence time off the state sentences for time spent in state custody in connection with the state offense ... staff need make no further inquiry about it unless the inmate claims that no state credit was, or will be, given." The record reflects that the petitioner was in primary state custody from August 1, 2005, when he was arrested by state authorities, until March 31, 2006, when he completed his eight-month sentence. Thus, it is presumed that the petitioner received credit for this time period toward his eight-month state sentence, and he may not receive credit against his federal sentence. He has been properly awarded all prior credit to which he is entitled. Nor is the petitioner entitled to a <u>nunc pro tunc</u> designation, which requires that the prisoner be in custody and in service of another non-federal sentence.

The petitioner's objections to the Report and Recommendation do not add any arguments not previously raised, and are without merit. The Report and Recommendation shall therefore be adopted in its entirety, and the petition dismissed with prejudice. Accordingly,

IT IS HEREBY ORDERED that the Report and Recommendation of United States Magistrate Judge Michael T. Parker **(docket entry 13)** is hereby adopted as the finding of this Court, and the petitioner's objections thereto are denied;

FURTHER ORDERED that the 28 U.S.C. § 2241 petition is dismissed. A separate judgment will be entered in accordance with Rule 58 of the Federal Rules of Civil Procedure, dismissing this action with prejudice.

SO ORDERED, this the 7th day of February, 2012.

/s/ David Bramlette
UNITED STATES DISTRICT JUDGE